## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARIAROSARIO CASTELLANOS, as natural
mother and next friend of her children, PABLO
CASTELLANOS and PEDRO CASTELLANOS,

      Plaintiff,

-vs-                                                     No. CIV 00-0036 JC/RLP

ROBIN OTTEN, Secretary Designate of the
New Mexico Human Services Department, in her
official capacity, and CIMARRON HEALTH
PLAN, INC., d/b/a CIMMARRON SALUD!,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Objection to United States Magistrate Judge's Order, filed February 25, 2000 *(Doc. 25)*. Plaintiff objects to the Magistrate Judge's February 24, 2000 Order granting Defendants' request to have a non-participatory observer present during the testing and evaluation of Plaintiff's children by the Brown School.

Rule 72(a) of the Federal Rules of Civil Procedure provides, in part, that objections to a Magistrate Judge's nondispositive order will be modified or set aside if the order is "found to be clearly erroneous or contrary to law." A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U. S. 364, 395, *rehr'g denied*, 333 U.S. 869 (1948). In other words, the clearly erroneous standard requires that a decision must strike the Court as more than maybe or probably wrong; it must strike the Court with

the force of a five-week old, unrefrigerated dead fish. *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A.*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U. S. 847 (1989)). When reviewing a question of law, however, the standard is *de novo*. *See* 19 MOORE'S FEDERAL PRACTICE § 206.04[1] (3rd ed. 1999) (noting that a lower court's conclusions on "questions of the application, interpretation, and construction of law in civil and criminal cases are reviewed de novo on appeal").

Having reviewed Plaintiff's objections and Defendants' response to those objections, I cannot find that the Magistrate Judge's Order is clearly erroneous or contrary to law. The Magistrate Judge's Order will, therefore, be affirmed. Plaintiff, in the alternative, asks that if the request to observe the evaluation is allowed, the Court should deem Defendants to have stipulated that Dr. Hunter's prior review of the children's treatment needs is *per se* inadequate for a reasoned medical opinion on whether residential care is medically necessary. I find that this alternative request is not well taken and will not be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Objection to United States Magistrate Judge's Order, filed February 25, 2000 *(Doc. 25)*, including her request for alternative findings are not well taken and the Magistrate Judge's February 24, 2000 Order is **affirmed**.

DATED this 28th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**