IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAROSARIO CASTELLANOS,
as natural mother and next friend of her children,
PABLO CASTELLANOS and
PEDRO CASTELLANOS,

        Plaintiffs,

vs.         No. CIV 00-0036 JC

ROBIN OTTEN, Secretary Designate
of the New Mexico Human Services
Department, in her official capacity,
and CIMARRON HEALTH PLAN, INC.
d/b/a CIMARRON SALUD,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the following motions: (1) Defendant Robin Otten's Motion to Dismiss or in the Alternative to Stay Proceedings, filed May 12, 2000 *(Doc. 61)*; (2) Defendant Otten's Motion for Summary Judgment on Plaintiff's Deficient Notice Claims, filed May 11, 2000 *(Doc. 56)*; and (3) Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support Thereof, filed May 2, 2000 *(Doc. 49)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities.

**I.**     **Background**

Plaintiff Mariarosario Castellanos is the natural mother of Plaintiffs Pablo and Pedro, identical twins who are diagnosed with autism. As Medicaid recipients, Plaintiffs obtained their medical services from Defendant Cimarron Health Plan (d/b/a Cimarron Salud). Defendant Cimarron entered into a contract with Defendant New Mexico Human Services Department

("HSD") to furnish necessary medical services for eligible Medicaid recipients such as the Plaintiffs. In turn, Defendant HSD was responsible for providing a state-wide managed care system for Medicaid recipients.

In 1999, Mrs. Castellanos claimed that the mental health providers involved in her sons' treatments determined that the long-term goal for the twins was a residential setting that specialized in treating autism. *See* Exhibit A, attached to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support Thereof ("Pls.' Motion"), filed May 2, 2000 *(Doc. 49)*. However, Mrs. Castellanos needed to make a formal request with Defendant Cimarron to obtain residential treatment. *See id.* Thus, Mrs. Castellanos sought the assistance of an advocacy group called Parents of Behaviorally Different Children ("PBDC").

On September 10, 1999, PBDC advocates sent a letter on behalf of Mrs. Castellanos to Defendants and requested approval for an out-of-state residential treatement program for the twins. *See* Exhibit A, attached to Pls.' Motion. Although Mrs. Castellanos is a "monolingual Spanish-speaking parent," the letter was sent in English because the PBDC advocates translated the letter to Mrs. Castellanos in Spanish. *See id.* (last line in Exhibit A, below the signatures). Aspen Behavioral Health, a subcontractor and agent of Defendant Cimarron, denied the request for out-of-state residential treatment in a letter dated September 13, 1999. *See* Exhibit B, attached to Pls.' Motion. An English version of the denial letter was faxed to the PBDC advocates, and a Spanish version was mailed to Mrs. Castellanos. *See* Exhibit G(2) and G(3), attached to Pls.' Motion.

PBDC advocates formally appealed the denial of services with Defendant Cimarron in a letter dated September 22, 1999. *See* Exhibit C, attached to Pls.' Motion. The letter was in

English, and it was read to and approved by Mrs. Castellanos. *See id.* Aspen Behavioral Health denied the appeal a second time on September 29, 1999, and both English and Spanish versions of the denial were sent to Mrs. Castellanos. *See* Exhibit D and G(4), attached to Pls.' Motion.

Ms. Castellanos, through her attorney, then sought an expedited appeal by way of Defendant Cimarron's grievance process. An Appeals Specialist for Defendant Cimarron ruled against Mrs. Castellanos in a letter dated October 11, 1999, and sent the ruling to Mrs. Castellanos in Spanish and to her attorney in English. *See* Exhibit E and F(1), attached to Pls.' Motion.

Plaintiffs subsequently brought suit against Defendants for declaratory and injunctive relief claiming: (1) failure to provide medically necessary services as required by the Medicaid Act; (2) violation of the Americans with Disabilities Act; (3) failure to comply with Title VI of the Civil Rights Act of 1964; and (4) violations of the Procedural Due Process Clause of the Fourteenth Amendment. *See* Complaint for Declaratory and Injunctive Relief at 16-19, filed January 10, 2000 *(Doc. 1)*.

In addition, Plaintiffs filed a motion for a temporary restraining order and for a preliminary injunction asking the Court to prevent the denial of medically necessary services to Plaintiffs Pablo and Pedro. *See* Pl.'s Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support, filed January 10, 2000 *(Doc. 2)*. After a hearing on this matter, the Court ordered Plaintiffs to pursue the fair hearing process before an HSD hearing officer. An HSD hearing was held, and on April 12, 2000, HSD entered an administrative order reversing Defendant Cimarron's denial of Plaintiffs' request for placement at a residential treatment facility. *See* Exhibit 4, attached to Defendant Otten's Response to Plaintiff's Motion for Summary

3

Judgment, filed May 2, 2000 *(Doc. 50)*.

Pedro Castellanos is presently receiving residential care at the Brown School in Texas, while Pablo Castellanos is a patient at Children's Psychiatric Hospital in Albuquerque, New Mexico, where he has been approved for continued care. *See* Joint Status Letter, received February 8, 2001, pursuant to an Order of the Court, filed January 25, 2001 *(Doc. 68)*. The expenses for the residential treatment of both Plaintiffs are now covered by the New Mexico Medicaid fee for service, and Defendant Cimarron is no longer involved. *See id.* The parties agree that there are no longer any pending requests for medical treatment. *See id.*

As a result of recent events, Plaintiffs maintain that the relief sought under Counts I and II in the Complaint have been provided.[1] *See* Joint Status Letter at 2. With respect to Count III, Plaintiffs claim that Defendants violated Title VI of the Civil Rights Act of 1964 by failing to provide notice in understandable Spanish. *See id.* With respect to Count IV, Plaintiffs claim that Defendants violated the Procedural Due Process Clause of the 14th Amendment by failing to provide notice or meaningful notice in the primary language of Mrs. Castellanos.

## II.     Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R .Civ. P. 56(c). When applying this standard, a court "view[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the party opposing

---

[1] Although Plaintiffs concede their claims in Counts I and II of the Complaint are now moot, Plaintiffs intend to file a Motion for Attorneys Fees on Counts I and II. *See* Joint Status Letter at 2.

summary judgment." *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir.1999). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Martin*, 190 F.3d at 1129 (citation omitted). When the parties file cross motions for summary judgment, "we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir.1997); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir.1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

**III.     Analysis**

    **A.     Counts I and II**

Defendants move to dismiss Plaintiffs' claims because they are moot, or in the alternative, stay all proceedings until Plaintiffs have identified any relief sought under the Complaint about which a dispute remains. *See* Defendant Robin Otten's Motion to Dismiss or in the Alternative to Stay Proceedings at 2, filed May 12, 2000 *(Doc. 61)*.

Plaintiffs maintain that the claims against Defendant Cimarron are now moot with respect to Counts I and II. *See* Joint Status Letter, received February 8, 2001. Similarly, Plaintiffs stated the following with regard to Counts I and II as against Defendant HSD: "On the assumption that Defendant HSD will continue to work in good faith to provide medically necessary services to both children, and given the current placement of Pable and Pedro in residential care facilities, the relief sought by Plaintiff in her complaint against HSD has been and will be provided." *See id.* Therefore, Plaintiffs concur with Defendants that the claims raised in Counts I and II are now

moot as against both Defendants.  However,  Plaintiff does maintain that the issues raised in Counts III and IV need to be addressed.

Given the Plantiffs' position as indicated in the Joint Status Letter, the Court finds that the claims raised in Counts I and II are now moot.  Accordingly, Defendant Robin Otten's Motion to Dismiss or in the Alternative to Stay Proceedings with respect to Counts I and II is granted.

With respect to Counts III and IV, Defendants summarily argue that these claims should also be considered moot because the Plaintiffs are now receiving the treatment they originally requested.  Since Defendants do not provide any arguments to support this theory, the Court declines to rule at this time on the Motion to Dismiss Counts III and IV.  Accordingly, Defendant Robin Otten's Motion to Dismiss or in the Alternative to Stay Proceedings with respect to Counts III and IV is denied.

### B.     Count III

Plaintiffs move for partial summary judgment on Count III and claim that Defendants violated Title VI of the Civil Rights Act of 1964 by failing to provide notices in accurate and understandable Spanish.  *See* Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support Thereof ("Pls.' Motion") at 5, filed May 2, 2000 *(Doc. 49)*.  Defendants also move for summary judgment on Count III by claiming that alleged defective notices in Spanish never denied Mrs. Castellanos an opportunity to participate in the medical decisions impacting her children. *See* Memorandum Brief in Support of Defendant Otten's Motion for Summary Judgment on Plaintiff's Deficient Notice Claims at 7, filed May 11, 2000 *(Doc. 57)*.

Title VI bans discrimination based upon race, color, or national origin in any program or activity receiving federal financial assistance.  *See* 42 U.S.C. § 2000d.   The two elements for

6

establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination, and (2) the entity engaging in discrimination is receiving federal financial assistance.  *See Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 631 (10th Cir. 1993).  The parties do not dispute that the Defendants are receiving federal financial assistance.

Plaintiffs contend that they were discriminated against when Mrs. Castellanos received incomprehensible letters in Spanish, thereby denying her the right to fully participate in the administrative medical decisions impacting her children.  *See* Pls.' Motion at 6.  Plaintiffs present evidence to show that a certified court interpreter could not translate the Spanish correspondence from Defendant because the Spanish was gramatically incorrect.  *See id.* at 4.  Plaintiffs maintain that this showing is sufficient to warrant Title VI liability.  However, Plaintiffs must also present evidence to show that the Spanish letters prevented her from participating in the decisions impacting her children.

In order to prove racial or national origin discrimination under Title VI, a plaintiff must prove:  (1) she is a member of an ethnic minority; (2) she was denied participation in a federally funded program because of her ethnicity or national origin; and (3) she is otherwise qualified to receive the benefit she claims she was denied.  *See Atakpa v. Perimeter Ob-Gyn Associates, P.C.*, 912 F. Supp. 1566, 1574 (N. D. Ga. 1994).

Defendants contend that summary judgment is appropriate because the alleged gramatically incorrect letters in Spanish never denied Plaintiffs the opportunity to participate in medical decisions regarding her children.  *See* Defendant Otten's Response to Plaintiff's Motion for Summary Judgment ("Df.'s Motion") at 7, filed May 2, 2000 *(Doc. 50)*.  Defendants argue that Plaintiffs had a team of advocates and attorneys who received contemporaneous notices in

7

English and were able to interpret the letters to Mrs. Castellanos. *See id.* The Court agrees.

If the Defendants would have communicated with Mrs. Catellanos only in Spanish, and she was forced to rely on this correspondence, then perhaps Plaintiffs would have a meritorious argument. However, Ms. Castellanos and her team of advocates received the same notices in both Spanish and English, and the evidence shows that Mrs. Castellanos relied on the PBDC advocates for communication purposes. Furthermore, neither Mrs. Castellanos nor the PBDC advocates ever indicated to the Defendants that the Spanish notices were deficient or that they were having problems understanding the correspondence.

For example, when Ms. Catellanos made her original request for out-of-state treatment on September 10, 1999, the PBDC advocates prepared a letter on her behalf. *See* Exhibit A, attached to Pls.' Motion. This letter was in English, and it was "read to and approved by" Mrs. Castellanos. *See id.* Clearly, the PBDC advocates were acting on Plaintiffs' behalf and functioning as interpreters. When Defendant Cimarron denied the request for out-of-state residential treatment on September 13, 1999, it sent both English and Spanish versions of the letter to Mrs. Castellanos and her advocates. Even if the Spanish translation was incomprehensible or grammatically incorrect, Mrs. Castellanos and her PBDC advocates received an English version of the denial and responded to its content. In a letter dated September 22, 1999, Mrs. Castellanos and the PBDC advocates appealed the September 13, 1999 denial. Plaintiffs never indicated that they were unable to understand nature or content of the September 13, 1999 denial. Again, Defendants denied the request for out-of-state residential treatment and sent a duplicate letter in Spanish on September 29, 1999. Plaintiffs had another opportunity to raise any problems with the Spanish notices when Ms. Castellanos sought an expedited appeal;

however, they failed to do so.

Thus, the Court finds that Plaintiffs failed to produce evidence to show that they were denied the opportunity to participate in the administrative medical decisions because of the alleged defective notices in Spanish.  The Court further finds that Defendants sent letters in both English and Spanish, and Plaintiffs relied on the assistance of bilingual PBDC advocates to communicate with the Defendants.  Finally, the Court finds that Mrs. Castellanos and the PBDC advocates never raised the issue of deficient Spanish notices during their multiple communications.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment with respect Count III is denied, and Defendant Otten's Motion for Summary Judgment on Plaintiff's Deficient Notice Claims with respect to Count III is granted.

### C.     Count IV

Finally, Defendants move for summary judgment on Count IV.[2]  Defendants argue that even if the Spanish notices could be deemed defective, Mrs. Castellanos was not prejudiced because she received the same notices in English.  *See* Df.'s Motion at 7-8.

To satisfy the due process clause of the Constitution, "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  In this case, Mrs. Castellanos received the same notice in

---

[2] Plaintiffs originally claimed that Defendants violated their due process rights by failing to comply with certain procedural requirements under the Medicaid Act. *See* Pls.' Motion at 7-9.  However, in the joint status letter submitted to the Court on February 8, 2001, Plaintiffs now claim that Defendants violated their due process rights by failing to provide notice or meaningful notice in Mrs. Castellanos's primary language.  These claims are completely different.  The Court is unable to discern the reason for the discrepancy.  Therefore, the Court will not address Plaintiffs' motion with respect to Count IV.  Rather, the Court will proceed to Defendants' motion with respect to Count IV.

both English and Spanish.  She had a team of bilingual advocates that communicated with the Defendants on her behalf.  Mrs. Castellanos and the PBDC advocates never complained to the Defendants that they were unable to understand the nature or content of the proceedings.  In fact, Plaintiffs pursued a series of administrative appeals that resulted in a favorable resolution.  This series of events does not indicate that the Spanish notices posed any problems for Mrs. Castellanos.  Rather, Mrs. Castellanos and the PBDC advocates received the process that they were due, and they were successful in its resolution.  Accordingly, Defendant Otten's Motion for Summary Judgment on Plaintiff's Deficient Notice Claims with respect to Count IV is granted.

## IV. Conclusion

For the above reason, the Court finds that Counts I and II are now moot.  The Court further finds that Plaintiffs were never denied the opportunity to participate in the administrative medical decisions because of the alleged defective notices in Spanish.  Finally, the Court finds that the Spanish notices did not pose any due process problems for Mrs. Castellanos as she proceeded through the administrative hearings.

Wherefore,

IT IS ORDERED that Defendant Robin Otten's Motion to Dismiss or in the Alternative to Stay Proceedings, filed May 12, 2000 *(Doc. 61)* is granted with respect to Counts I and II and denied with respect to Count III and IV.

IT IS ORDERED that Defendant Otten's Motion for Summary Judgment on Plaintiff's Deficient Notice Claims, filed May 11, 2000 *(Doc. 56)* is granted with respect to Counts III and IV.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment and

Memorandum in Support Thereof, filed May 2, 2000 *(Doc. 49)* is denied.

    DATED March 22, 2001

                                                                 _____
                                                                   UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

    Nancy L. Simmons, Esq.
    Albuquerque, New Mexico

    Tara Ford, Esq.
    Albuquerque, New Mexico

    Karen J. Meyers, Esq.
    Aguilar Law Offices, P.C.
    Albuquerque, New Mexico

Counsel for Defendants:

    Patrick J. Rogers, Esq.
    Allen C. Dewey, Jr., Esq.
    Eleanor K. Bratton, Esq.
    Modrall, Sperling, Roehl, Harris, & Sisk, P.A.
    Albuquerque, New Mexico